**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 11, 2012

No. 11-20435

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ADEKUNLE ADELEKE ADEBO,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-273-2

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Adekunle Adeleke Adebo appeals his conviction for aggravated identity theft, arguing that his guilty plea was not supported by an adequate factual basis. We VACATE and REMAND.

I.

After his arrest for buying a purse with a credit card bearing someone else's name, Adebo was indicted for conspiracy to commit bank fraud and aggravated identity theft. The indictment charged several defendants, and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-20435

described (1) a broad scheme involving credit card acquisition and (2) the particular incident of Adebo buying a purse.

Adebo pled guilty to the aggravated identity theft charge, and the government agreed to dismiss the conspiracy charge. The district court accepted Adebo's plea, sentenced him to twenty-four months of imprisonment and one year of supervised release, and entered a final judgment to that effect. Adebo appeals.

## II.

"Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." FED. R. CRIM. P. 11(b)(3). The district court was permitted to determine the factual basis for Adebo's plea from the indictment, the facts Adebo admitted, and the Pre-Sentence Investigation Report (PSR). *United States v. Hildenbrand*, 527 F.3d 466, 474-75 (5th Cir. 2008). Adebo never challenged the factual basis for his plea in the district court, so we review for plain error. *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).

Even through the lens of plain error, we find no basis in the record for Adebo's plea and the conviction based on that plea. Aggravated identity theft requires a predicate offense, and in this case, by the government's choice, the predicate offense was bank fraud. 18 U.S.C. §§ 1028A, 1344.

The conduct that would constitute bank fraud is participation in the broad scheme described in the indictment, not the mere use of a credit card to buy a purse, yet there are no facts in the record linking Adebo to the scheme. The indictment describes the scheme, but not Adebo's role in it. Adebo did not admit participating in the scheme. In fact, when asked at his arraignment to describe what he did, Adebo said that he used a credit card to buy a purse. Only the PSR presents a fact linking Adebo to the scheme, and then only through a single allegation: that the credit card Adebo used to buy a purse had an authorized

user who was connected to the scheme. This allegation may have been enough, except that the government conceded at Adebo's sentencing hearing that it was not true. There is, therefore, no factual basis linking Adebo to bank fraud, and consequently no factual basis to convict Adebo of aggravated identity theft predicated on bank fraud. The government, however, contends that it possesses additional, un-presented evidence that will link Adebo to the charged crime.

## III.

We vacate Adebo's conviction and sentence and remand for such further consideration and proceedings, not inconsistent with this opinion, as the district court may deem appropriate.

VACATED and REMANDED.